UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEANDRE ROBINSON, | No. 2:24-cv-02510 SCR P |
| Plaintiff, | |
| v. | ORDER |
| NOAH WILLSMORE, et al., | |
| Defendants. | |

Plaintiff is a former county inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Before the undersigned are plaintiff's complaint for screening[1] (ECF No. 1) and motion to proceed in forma pauperis (ECF No. 2). Plaintiff has submitted a declaration showing that he cannot afford to pay the entire filing fee. See 28 U.S.C. § 1915(a)(2). Accordingly, plaintiff's motion to proceed in forma pauperis is granted. For the reasons set forth below, the undersigned finds that plaintiff's complaint fails to state any claims for relief but will grant plaintiff leave to amend.

---

[1] Plaintiff has another § 1983 action against defendant Willsmore pending before the undersigned, Robinson v. Willsmore, 2:24-cv-2246 SCR P (E.D. Cal.) ("Robinson I"). Plaintiff was directed to notify the court whether he intended the complaint in this action (hereinafter "Robinson II") to be filed as a separate case or as an amendment to Robinson I. (ECF No. 6.) In his response, which was docketed in Robinson I (ECF No. 20), plaintiff said the two cases are not associated. Because the two actions involve distinct incidents between the parties, the undersigned will proceed to screen the Robinson II complaint as a standalone action.

1

**STATUTORY SCREENING**

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In performing this screening function, the court must dismiss any claim that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**PLAINTIFF'S COMPLAINT**

Plaintiff was a parolee at all times relevant to the complaint. (ECF No. 1 at 1.) The complaint names two defendants: (1) Noah Willsmore, a parole agent for the California Department of Corrections and Rehabilitation; and (2) Securus, a company that "monitors and keeps track of parolees GPS monitoring devices through Veritracks." (Id. at 2.)

////

Plaintiff alleges that on April 19, 2024, defendant Willsmore falsely arrested him for being in a prohibited area and placed him on a parole hold. (ECF No. 2.) Willsmore picked plaintiff up at his cousin's house, took plaintiff to the parole office, and later to jail. (Id.) At the county jail, defendant showed plaintiff a falsified document from Veritracks indicating that plaintiff allegedly went to Hagginwood Elementary School. Plaintiff was at his cousin's house at all times on April 18, 2024, and never went to Hagginwood Elementary School. (Id.) Being in a prohibited area was one of the special conditions of plaintiff's parole. (Id.)

Plaintiff alleges that defendants falsely arrested him in violation of the Fourth Amendment of the U.S. Constitution. (ECF No. 1 at 3.) Plaintiff further alleges state law false arrest claims under Article I, § 13 of the California Constitution and California Penal Code § 236. (Id. at 4.) Plaintiff seeks $3,000,000 in compensatory damages and $50,000 in punitive damages. (Id. at 5.)

**DISCUSSION**

**I.   Plaintiff's Complaint Does Not State Any Cognizable Claims**

**A.  Plaintiff's Fourth Amendment Claim is Likely Heck-Barred.**

The undersigned finds that plaintiff's Fourth Amendment claim is likely barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the U.S. Supreme Court held that incarcerated persons' damages claims that necessarily implied the invalidity of their conviction or sentence could not be maintained under § 1983 unless they proved "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486–87 (citation omitted). Heck's "favorable termination" rule applies with equal force to parole decisions. See Butterfield v. Bail, 120 F.3d 1023, 1024 n.1 (9th Cir. 1997) (holding Heck barred plaintiff's civil claim for damages challenging his denial of parole and subsequent incarceration).

Here, plaintiff alleges that defendant Willsmore revoked his parole based on a falsified Veritracks document indicating plaintiff was near an elementary school. The undersigned takes judicial notice of the docket for plaintiff's state criminal case, No. 2024-00006970-CR-PAR,

3

which reflects that plaintiff was sentenced for the parole violation on April 29, 2024.[2]

Because a successful challenge to plaintiff's parole revocation and subsequent incarceration would necessarily imply their invalidity, the complaint must be dismissed. The complaint's allegations are indistinguishable from others that have been dismissed pursuant to Heck at the screening stage. In Daniels v. Piercy, No. 1:10-cv-00630 JLT PC, 2011 WL 284967, at *3 (E.D. Cal. Jan. 26, 2011), a plaintiff alleged that his parole violation and confinement was based on a false report that he had contacted children. The court found that "success on this claim would likely imply the invalidity of his parole determination and confinement" and dismissed the complaint as Heck-barred. Id. Similarly, in Craver v. Brewer, No. CIV S-11-1570 CKD P, 2012 WL 1205579, at *2 (E.D. Cal. Apr. 11, 2012), a plaintiff alleged police and social service officials falsified a report that led to the revocation of his parole. The court held that his claim was Heck-barred "insofar as plaintiff seeks to challenge the revocation of his parole based on defendants' report." Id.

Accordingly, plaintiff's Fourth Amendment damages claim against defendant Willsmore is dismissed. Plaintiff will be given an opportunity to amend his complaint. If he chooses to amend, plaintiff must allege facts showing that the parole revocation has already been: (1) reversed on direct appeal; (2) expunged by executive order; (3) declared invalid by a state tribunal authorized to make such a determination; or (4) called into question by the issuance of a writ of habeas corpus. Craver, 2012 WL 1205579, at *2 (citing Heck, 512 U.S. at 487).

### B. Plaintiff's Claim Against Defendant Securus Fails for Inadequate Linkage.

Section 1983 requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658, 694 (1978); Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Plaintiff may demonstrate that connection by alleging facts showing: (1) a defendant's

---

[2] The court may take judicial notice of facts that are "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on the docket sheet of a California court. White v. Martel, 601 F.3d 882, 885 (9th Cir. 2010). The Sacramento County Superior Court's Public Case Access System is available at https://services.saccourt.ca.gov/PublicCaseAccess/Criminal/.

1   "personal involvement in the constitutional deprivation," or (2) that a defendant set "in motion a
2   series of acts by others" or "knowingly refus[ed] to terminate a series of acts by others, which
3   [the defendant] knew or reasonably should have known would cause others to inflict a
4   constitutional injury." Starr v. Baca, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (quotation marks
5   and citation omitted). Here, plaintiff's complaint does not allege any actions by Securus that
6   deprived him of his constitutional rights. Accordingly, plaintiff's claims against defendant
7   Securus fail for inadequate linkage.

8   Plaintiff will be given an opportunity to amend and plead facts linking Securus to a
9   violation of his rights. Should plaintiff choose to amend, he is advised that courts presume
10  private companies are not acting under color of state law. Sutton v. Providence St. Joseph Med.
11  Ctr., 192 F.3d 826, 835 (9th Cir. 1999). To overcome this presumption, plaintiff must allege facts
12  showing Securus acted under the color of state law, i.e., that it "exercised power 'possessed by
13  virtue of state law and made possible only because the wrongdoer is clothed with the authority of
14  state law.'" Rawson v. Recovery Innovations, Inc., 975 F.3d 742, 748 (9th Cir. 2020) (quoting
15  West v. Atkins, 487 U.S. 42, 49 (1988)).

### C. Plaintiff's Complaint Does Not Any State Law Claims for Relief

17  Finally, plaintiff's complaint does not state any cognizable state law claims. As a criminal
18  false imprisonment statute, California Penal Code § 236 does not confer a private right of action.
19  See Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006) (no private right of action
20  under criminal statutes); Archambault v. ADESA Golden Gate, No. CIV-S-08-1616 LKK GGH
21  PS, 2008 WL 5099648, at *3 (E.D. Cal. Nov. 25, 2008) (no private right of action under Cal.
22  Penal Code § 236). Nor has plaintiff stated a claim under Article I, § 13 of the California
23  Constitution.³ While no California appellate court has considered whether Article I, § 13
24  provides a private right of action for damages, the judges of this district have consistently held
25  that it does not. See Lesher v. City of Anderson, 763 F. Supp. 3d 1115, 1121 (E.D. Cal. 2025);

---

³ "The right of the people to be secure in their persons, houses, papers, and effects against unreasonable seizures and searches may not be violated; and a warrant may not issue except on probable cause, supported by oath or affirmation, particularly describing the place to be searched and the persons and things to be seized." Cal. Const. art. I, § 13.

Wood v. Cnty. of Stanislaus, No. 2:21-CV-1572 TLN CSK, 2024 WL 3951113, at *9 (E.D. Cal. Aug. 27, 2024) (collecting cases).  For screening purposes only, and without the benefit of briefing, the undersigned finds that plaintiff cannot pursue a standalone claim for damages under Article I, § 13.  However, Plaintiff may be able to assert a claim for damages for a violation of Article I, § 13 through some other law.  See Est. of F.R., 2023 WL 6130049, at *6 (E.D. Cal. Sept. 19, 2023) ("In particular, the Legislature has already undertaken to provide an alternative remedy for constitutional violations, including violations of § 13 -- specifically, the Tom Bane Civil Rights Act.").

## II. Failure to State a Claim

Having conducted the screening required by 28 U.S.C. § 1915A, the court finds that the complaint does not state any valid claims for relief.  Plaintiff's Fourth Amendment damages claim against defendant Willsmore would necessarily imply the invalidity of his parole violation and confinement and thus is barred by Heck.  Further, plaintiff has not alleged any facts linking defendant Securus to a violation of his rights.  Finally, neither state law provision underlying plaintiff's state law claims confers a private right of action.  Because of these defects, the court will not order the complaint to be served on defendants.

Plaintiff may try to fix these problems by filing an amended complaint.  In deciding whether to file an amended complaint, plaintiff is advised to consider the relevant legal standards governing his potential claims for relief that the undersigned laid out in the "Discussion" section above.

Moreover, if plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo, 423 U.S. at 370-71.  The complaint must also allege in specific terms how each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir.

1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes any prior complaints. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted). Once plaintiff files an amended complaint, any previous complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### III.   Plain Language Summary of this Order for Party Proceeding Without a Lawyer

Your complaint will not be served because the facts alleged are not enough to state a claim. You are being given a chance to fix these problems by filing an amended complaint. If you file an amended complaint, pay particular attention to the legal standards attached to this order. Be sure to provide facts that show exactly what each defendant did to violate your rights. **Any claims and information not in the amended complaint will not be considered.**

### CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28 U.S.C. § 1915A, and will not be served.

3. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of 42 U.S.C. § 1983, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case, **2:24-cv-02510 SCR P**, and must be labeled "**First Amended Complaint**."

4. Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

////

5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: June 24, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE