1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8             FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   DEANDRE ROBINSON,                    No.  2:24-cv-02510 SCR P

11            Plaintiff,

12        v.                              ORDER and

13   NOAH WILLSMORE, et al.,              FINDINGS AND RECOMMENDATIONS

14            Defendants.

15

16        Plaintiff is a former county inmate proceeding pro se and in forma pauperis with a civil

17   rights action under 42 U.S.C. § 1983.  On June 25, 2025, the undersigned screened plaintiff's

18   complaint and found it failed to state any cognizable claims against defendants Willsmore or

19   Securus.  (ECF No. 7.)  Plaintiff was granted thirty (30) days to file an amended complaint.  (Id.

20   at 7.)  Plaintiff was further advised that if he failed to file an amended complaint, the undersigned

21   would recommend dismissal of the action without prejudice pursuant to Rule 41(b) of the Federal

22   Rules of Civil Procedure.  (Id.)

23        The time for plaintiff to amend his complaint has now passed, and plaintiff has not filed

24   an amended complaint or otherwise responded to the screening order.  Accordingly, the

25   undersigned recommends that the action be dismissed for failure to prosecute and failure to

26   comply with a court order.  See Fed. R. Civ. P. 41(b); Local Rule 110.

27        In recommending dismissal, the court has considered: "(1) the public's interest in

28   expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of

                                         1

1  prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and

2  (5) the availability of less drastic alternatives." Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th

3  Cir. 1992) (citation omitted).  "The public's interest in expeditious resolution of litigation always

4  favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999).  The court's

5  need to manage its docket also weighs in favor of dismissal, particularly given the heavy caseload

6  in this District.  The third factor is neutral given that most defendants have not yet appeared, but

7  "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and

8  evidence will become stale." Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002).  The

9  public policy favoring disposition of actions on the merits weighs against dismissal, but when

10  "standing alone … is not sufficient to outweigh the other four factors." Leon v. IDX Sys. Corp.,

11  464 F.3d 951, 961 (9th Cir. 2006).  The undersigned has also considered less drastic alternatives

12  and concludes that dismissal without prejudice is appropriate.

13       Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly

14  assign a district judge to this matter.

15       In addition, IT IS RECOMMENDED that the action be dismissed without prejudice for

16  failure to prosecute, Fed. R. Civ. P. 41(b), and failure to comply with a court order, Local Rule

17  110.

18       These findings and recommendations are submitted to the United States District Judge

19  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days

20  after being served with these findings and recommendations, plaintiff may file written objections

21  with the court.  Such a document should be captioned "Objections to Magistrate Judges Findings

22  and Recommendations."  Plaintiff is advised that failure to file objections within the specified

23  time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153

24  (9th Cir. 1991).

25  DATED: August 13, 2025

26

27                              SEAN C. RIORDAN
                              UNITED STATES MAGISTRATE JUDGE
28

2